R. L. POLK & CO. v. MELENBACKER.

1. HOTEL KEEPERS—GUESTS—STATUS.

Where a person went to a public hotel as a guest, and was received and treated as such, the fact that, after he had remained a week, he was charged at a weekly rate corresponding to that charged those having similar accommodations, did not change his *status* as a guest.

2. SAME—AGENTS—PROPERTY OF PRINCIPAL—LIEN.

Where an agent took to a public hotel, as a guest, property of his principal, with which he had been intrusted for the purpose of assisting him to carry on the principal's business, and was therefore in lawful possession, the hotel keeper had a lien upon the property for the amount due for the keeping and accommodation of the agent as a guest.

3. SAME—COMMON-LAW LIEN—STATUTES.

Act No. 145, Pub. Acts 1897 (2 Comp. Laws, § 5317 *et seq.*), relating to the liens of hotel keepers, etc., does not affect the right of an innkeeper to the lien existing at the common law, since the final section of the act (2 Comp. Laws, § 5323) expressly provides that nothing therein contained shall preclude any other existing remedy for the enforcement of hotel-keepers' liens.

Error to Kent; Perkins, J. Submitted February 23, 1904. (Docket No. 97.) Decided May 31, 1904.

Replevin by R. L. Polk & Company against Henry W. Melenbacker. From a judgment for defendant, plaintiff brings error. Affirmed.

This case was tried before the court without a jury, and the court made the following findings:

"That the defendant, Henry W. Melenbacker, on the 11th day of April, 1902, and for eight years prior, conducted a hotel in the city of Grand Rapids, Mich., known as the 'Clarendon Hotel,' which was a public inn for the accommodation of guests, and which contained a bar; and on said date one J. W. Boyd, who was a stranger in said

city, came to said hotel, where he registered as from Chicago, Ill., and where he remained until the 14th day of May, 1902, when he left said inn, and has not since been seen in the city of Grand Rapids.

"That said J. W. Boyd came to said hotel as a guest, and was received, cared for, and treated as a guest by the defendant. There was no special contract or arrangement at the time he came to said hotel as to the price for his accommodations and the length of time he should stay, and during the time he continued at said hotel there was no special arrangement or agreement as to the length of time he should be there, or as to the rates for his accommodations, except that, after he had remained one week, he was given the same weekly rate which was charged to guests of said hotel who occupied rooms corresponding to that occupied by said Boyd, which was $6 per week.

"That said J. W. Boyd, while at said hotel, received accommodations therein as follows: Bar, $8.25; table and room, $28.30; cash paid for laundry, $2.53; cash advanced to Boyd, $2,—total, $41.08; and the said Boyd paid to said defendant while at said hotel the sum of $13.50, and was indebted to said defendant at the time of leaving said hotel in the sum of $27.58, no part of which has since been paid, and which amount, with interest, is now due and owing to said defendant.

"That said J. W. Boyd, while at said hotel, was a solicitor or agent for the plaintiff, and brought to said hotel a book known as 'Notable Men of New York,' which he informed defendant he had paid $15 for, and which defendant believed to be the property of said Boyd, and the said Boyd also brought to said hotel the photographs replevied in this case, and which he informed the defendant were ample security for his accommodations at said hotel, and which were kept in the safe of said defendant at said hotel, and which, together with said book, were left by said Boyd in the custody of said defendant until the whole thereof was replevied by the plaintiff after demand therefor, the defendant claiming a lien thereon for said sum of $27.58.

"The plaintiff intrusted said book and photographs to the said J. W. Boyd, who was lawfully in the possession of the same while at said hotel, and the defendant had no knowledge or information that the same did not belong to said J. W. Boyd, who treated them as his individual property; and the defendant furnished accommodations

aforesaid to the said Boyd upon the strength of his owning the same.    That the value of said book and photographs was $50, and the defendant has no other property or effects left by said Boyd of any value.

"That the plaintiff was, at the time of making demand for said property and commencement of suit, the general owner thereof; that the book in question was worth not more than $15; that the defendant had at said hotel during the months of April and May, 1902, both guests and regular boarders.

### "CONCLUSIONS OF LAW.

"1. I find that the relation of innkeeper and guest existed between said J. W. Boyd and the defendant during the time he was at defendant's inn, and that the defendant was entitled to a lien upon the property replevied in this case for the amount of the accommodations furnished the said Boyd, namely, the sum of $27.58, and interest thereon at 5 per cent. from the 14th day of May, 1902.

"2. That the property in question belongs to the plaintiff as general owner, and at the time of demand and commencement of suit the defendant had a special property therein as aforesaid, and the defendant did not unlawfully detain any of the property in question from the plaintiff, and the said defendant had a right to retain the same until said lien was paid, and that said lien included all items charged for accommodations received by said guest while at said hotel, including bar bill, laundry, and money loaned; and I find that the cash paid to defendant by said Boyd while his guest, namely, $13.50, was more than sufficient to pay, and did pay, the said bar bill, laundry, and cash advanced.    I find that the lien of the defendant is that of an innkeeper at common law."

Judgment rendered for the defendant for the amount and costs.

*Dwight Goss* (*Frank A. Hess*, of counsel), for appellant.

*J. T. Preston*, for appellee.

GRANT, J. (*after stating the facts*).   1. Mr. Boyd was a guest of the defendant.   He came and registered as a guest, was received as such, and nothing occurred dur-

ing the short time he remained at the defendant's hotel to change his relations from that of guest to that of boarder. The fact that, after he had remained a week, he was charged at a weekly rate, did not change his *status* as a guest. *Norcross* v. *Norcross*, 53 Me. 163; *Hancock* v. *Rand*, 94 N. Y. 1 (46 Am. Rep. 112); *Beale* v. *Posey*, 72 Ala. 323.

2. Mr. Boyd was in lawful possession of the property which he took to the defendant's hotel as a guest. He was plaintiff's agent, and intrusted with the property for the purpose of assisting him to carry on business for his principal. Being, under these circumstances, lawfully in possession, the defendant had a lien upon the property for the amount due for the keeping and accommodation of the guest. *Johnson* v. *Hill*, 3 Stark. 172; *Gordon* v. *Silber*, 59 L. J. Q. B. 507; *Robins & Co.* v. *Gray*, 35 Q. B. Div. 501; *Manning* v. *Hollenbeck*, 27 Wis. 202; 16 Am. & Eng. Enc. Law (2d Ed.), 550, par. *b*.

3. Act No. 145, Pub. Acts 1897 (2 Comp. Laws, §§ 5317–5323), in regard to the lien of hotel keepers, boarding-house keepers, and lodging-house keepers, does not affect the rights of an innkeeper to the lien existing at the common law. The closing section of the act expressly provides that nothing therein contained shall preclude any other existing remedy for the enforcement of hotel-keepers' liens.

The judgment is affirmed.

The other Justices concurred.