cents in the dollar, and that Treadwell lost fifteen slaves by emancipation.

In rebuttal, a witness testified that in 1861 said land was worth $20 00 per acre, and that said large crib would hold eight hundred bushels of corn. It was admitted that at the date of the trade, corn sold readily at $1 00 per bushel in good money. It was shown that Treadwell swapped the land which he bought of Phinizy, with six hundred other acres, for seventeen hundred acres of land near Spring Place, Georgia, (now worth $10 00 per acre,) giving $10,000 00 to boot. Where this other land was, when the trade was made, and in what currency the $10,000 00 was paid, do not appear. Nor does it appear how the Court charged the jury. The verdict for Phinizy was for $390 67, with interest and costs. Treadwell's counsel moved for a new trial upon the grounds that the verdict was decidedly against the weight of the evidence, contrary to law and the charge of the Court. The Court refused a new trial, and that is assigned as error.

C. B. Wooten, D. A. Vason, for plaintiff in error.

F. M. Harper, by Lochrane & Clark, for defendant.

*WARNER, J.

The error assigned to the judgment of the Court below in this case, is the overruling the motion for a new trial, on the grounds specified therein. When there is evidence on both sides in relation to the matters in controversy between the parties, and the verdict of the jury is not decidedly and strongly against the weight of the evidence, this Court will not control the discretion of the Court below, in refusing to grant a new trial.

Let the judgment of the Court below be affirmed.

---

DAVID ADAMS, plaintiff in error, *v.* LOUISA CLEM, defendant in error.

(Atlanta, June Term, 1870.)

INN-KEEPER—DILIGENCE REQUIRED IN PROTECTING GUEST'S PROPERTY*—LIABILITY FOR SAFE KEEPING FOR A REASONABLE TIME.—An inn-keeper is bound to extraordinary diligence in preserving the property of his guest entrusted to his care, where the guest has complied with all reasonable rules of the inn. And if the guest, on departing from the inn, leaves his or her baggage with the inn-keeper with his consent, he is liable for its safe keeping as an inn-keeper, for a reasonable time, according to the circumstances of the case.

Bailments. Inn-Keeper. Before Judge Harrell. Clay Superior Court. March Term, 1870.

---

*INN-KEEPER—DILIGENCE REQUIRED IN PROTECTING GUEST'S PROPERTY.—See foot-note to Sasseen *v.* Clark, 37 Ga. 242.

Mrs. Clem sued Adams as an inn-keeper, for the value of her trunk and its contents. That she was his guest, had her trunk carried to her room by himself or his servants, that her trunk was marked, that she paid her bill and left, saying that a gentleman, whom she pointed out, would call in ten minutes for her trunk, and bring it to her. in the country, and that Adams replied, "very well," was not controverted on the trial. As to value, she swore that it and its contents were worth $150 00; he swore she had claimed that it was worth but $50,00, and that he offered her $25 00, which she refused.

The evidence showed that she left the inn on Monday, *supposing said gentleman would get her trunk for her, but that he did not; and on Friday following, she sent her son for it, and he did not get it. He swore that Adams told him that after Mrs. Clem left, another lady left, and he supposed that she took Mrs. Clem's trunk. Adams testified that he supposed said trunk had been taken away by said gentleman, till the son called for it, and then supposed said lady had taken it; but since, was satisfied that that lady did not, because he took the lady to the boat, and her trunk was not marked. It was conceded that Mrs. Clem did not pay anything, and was not to pay anything, for the care of her trunk after she left the inn.

The Court charged the jury that an inn-keeper was bound to extraordinary diligence in keeping the baggage of his guests, entrusted to his care, and were liable for the same if lost, if the guest complied with all reasonable rules of the inn; that in case of loss, the law presumes the want of proper diligence by the inn-keeper; he might relieve himself by proof that the loss was occasioned by the fault or negligence of the guest; that his liability begins from the delivery of the baggage to the inn-keeper or his servants, and continues until redelivery to the actual custody and control of the guest.

He was requested to charge that if she had paid her bill and left the inn, without any agreement charging Adams with the further care of her baggage, and without paying him for such care, he was not bound for extraordinary care; that if she left with no intention of returning as a guest, the relation of inn-keeper and guest ceased; that this species of bailment depended on a contract and some sort of consideration to support it, and without consideration and agreement, it is a naked bailment, and the inn-keeper is not bound to extraordinary care.

He refused so to charge. The jury found for plaintiff for $150 00 and costs. Adams moved for a new trial upon the grounds that the Court erred in charging as he did, and in refusing to charge as requested, and because the verdict was strongly and decidedly against the weight of the evidence. *The new trial was refused, and that refusal is assigned as error on said grounds.

John C. Wells, by S. Wise Parker, for plaintiff in error.
H. Fielder, for defendant.

By the Court—BROWN, C. J., delivering the opinion.

When Mrs. Clem departed from the inn, kept by the plaintiff in error, where she was entertained as a guest for pay, she left her trunk in the possession of the inn-keeper, with his consent, stating that a person named by her, would call for it in ten minutes. The person who was to have carried the trunk into the country for her, disappointed her, and on the following Friday she sent her son to the inn for it, and the plaintiff in error had lost it in the meantime, and could not deliver it, nor did he show any diligence in taking care of it. Upon this state of facts she brought this suit, and recovered $150 00, the amount which it was shown by the evidence to have been worth, and this bill of exceptions is brought to reverse that judgment.

An inn-keeper is bound to extraordinary diligence in preserving the property of his guests entrusted to his care, where they have complied with all reasonable rules of the inn. This is admitted by the plaintiff in error. But he insists that his liability as an inn-keeper ceased when his guest departed, leaving her trunk in his care, and that from that time, he was a bailee without compensation, and was only liable for gross negligence. We think in such case, that the inn-keeper with whom the baggage of his guest is left with his consent, though he gets no additional compensation for taking care of it, is still liable for it, as inn-keeper, for a reasonable time, to be estimated according to the circumstances of the case, after which he would be only a bailee without hire, and liable as such. And we are not prepared to say that the time was unreasonable which intervened in this case, before the guest sent back for her baggage.

*But if we treat the plaintiff in error as a naked depositary, he is still liable, as the evidence shows that he was guilty of gross negligence, by which the baggage was lost. Indeed, he does not pretend to show diligence in taking care of it.

Judgment affirmed.