IN

# THE SUPREME COURT

OF

THE STATE OF MISSOURI.

AUGUST TERM, 1874, AT ST. JOSEPH.

---

FRANKLIN PORTER, Respondent, *vs.* RICE D. GILKEY and JOHN J. ABELL, Appellants.

1. *Inn-keepers—Liability of for valuables stolen from transient guests—Safes— Notices, posting of, etc.*—An inn-keeper is liable for valuables stolen from the sleeping room of one who is a transient guest and not a permanent boarder, notwithstanding the fact that the hotel contains an iron safe designed for the bestowal of such articles, if notice thereof posted in the rooms is in small type, and not in large or plain English type, as required by the statute. (Wagn. Stat., 710, § 1.)

*Appeal from Buchanan Circuit Court.*

*A. H. Vories and Doniphan & Reed,* for Appellants.

There was a substantial compliance with the statute as to the printed notice, and that was sufficient. (Sedg. Stat. and Const. Law, 373, *et seq.;* 30 Mo., 537; 14 Barb., 259.)

*Franklin Porter and B. R. Vinyard*, for Respondent.

I. Inn-keepers are insurers of the property of their guests, and are liable for all loss not caused by the act of God or the common enemy, or the fault of the owner of the property. (Mason vs. Thompson, 9 Pick., 280–4; Manning vs. Wells, 9 Humphreys, 746; Piper v. Manney, 21 Wend., 282; Grinnell v. Cook, 3 Hill, (N. Y.) 485; Thickstun vs. Howard, 8 Blackf., 535; Mateer vs. Brown, 1 Cal., 221; Shaw vs. Berry, 31 Me., 478.) And the statute, being an innovation upon the common law, seeking to relieve the inn-keeper from his liability as insurer of his guests' property, must be strictly construed, and must be strictly pursued by the inn-keeper. (See authorities above.)

II. Plaintiff was a transient guest, and not a permanent boarder. (2 Pars. Cont., 156; Sto. Bail., 6 Ed, § 477: Berkshire Woolen Co. vs. Proctor, 7 Cush., (Mass.) 417; Walling vs. Potter, 35 Conn., 183; Hall vs. Pike, 100 Mass., 495.)

ADAMS, Judge, delivered the opinion of the court.

This was an action brought against the defendants as innkeepers, for the value of a gold watch, chain and charm, and fifteen dollars in current funds, alleged to have been stolen from the room of plaintiff, occupied by him as a guest.

The defendants' answer alleged that the plaintiff was not a guest, but an ordinary boarder; and this was the material question tried in the case, and was found for the plaintiff.

The plaintiff's testimony strongly tended to show that he was a transient guest, and not a permanent boarder. He registered his name, and a room was assigned to him, and nothing at all was said about the amount he was to pay or how long he would remain. On the night of the fifth day after he registered, his room was entered by a burglar and robbed while he was asleep. The door had been locked by the plaintiff; and the entry was made by boring a hole near the key and using nippers to turn it.

After the robbery had been committed, the plaintiff called at the office to know how much his bill would be if he re-

mained a week; and was told it would be $17.50. So he concluded to stay two days longer, as his bill for the time would be $15.00, and only $2.50 to stay the balance of the week. This was the first time he had learned the prices. All the testimony showed that when a guest remained a week, the bill would be $17.50; but if less than a week, the charges would be $3.00 per day.

The defendants' testimony tended to show that the plaintiff was a boarder, and not a transient guest; and that the board was to be $17.50 per week.

The defendants, in addition to their other testimony, offered to prove by their clerk, that when the plaintiff went to settle his bill, he made it out and tendered it to plaintiff at $17.50. This evidence was excluded, and the defendants excepted.

We see no good reason for excluding this evidence. But as the whole tenor of the testimony proved that $17.50 was what was due, its admission or exclusion could not have injured the defendants.

The instructions on both sides fairly presented the only issue tried, and there seem to be no serious objections raised to any of the instructions.

The defendants also relied in their answer on the defense that they kept in their inn an iron safe in good order, and suitable for the safe custody of money, jewelry and articles of gold and silver manufacture and the like, as required by chapter 73, Wagn. Stat., 710; and that they kept a copy of this chapter printed in large plain English type, and framed, constantly and conspicuously suspended in the office and other public rooms, and also a copy printed by itself in ordinary sized plain English type, posted on the inside of the entrance door of every sleeping room, as required by said chapter. To prove this defense the defendants offered a slip of paper containing a copy of the first section of the chapter, but not printed in such type as the law requires. It was printed in very small type; and not in the large, plain English type, nor in ordinary sized plain English type, as required by the first section of the statute above referred to. The court excluded

this paper, as showing no compliance with the requisitions of, the law, and the defendants excepted.

We see no error in this ruling of the court. The paper produced was not a literal nor a substantial compliance with the law, and was therefore, properly excluded.

There seems to be nothing in this record to warrant a reversal. Judgment affirmed; the other judges concur, except Judge Sherwood, who is absent.