H. A. BATTERSON, Appellant, v. JOHN C. VOGEL, ADMINIS-TRATOR, Respondent.

November 11, 1879.

That a guest had read upon the hotel-register a copy of the statute relating to innkeepers, will not relieve the innkeeper from his common-law responsibility for the goods of his guest, where he has not complied with the law requiring copies of such statute to be posted in each sleeping-room.

APPEAL from the St. Louis Circuit Court.

*Reversed and remanded.*

PAUL F. COSTE and ANDREW PRICE, for the appellant, cited: *Porter* v. *Gilkey*, 57 Mo. 235; *Piper* v. *Manny*, 21 Wend. 282.

C. B. HOWREY and W. L. SCOTT, for the respondent, cited: *Purvis* v. *Coleman*, 21 N. Y. 111; *Oppenheim* v. *White, etc.*, L. R. 6 C. P. 515.

LEWIS, P. J., delivered the opinion of the court.

Plaintiff was a guest in the hotel of defendant's intestate, and lost, by theft from the room he occupied, some money and valuable articles of jewelry. This suit, to recover their value, was commenced in the lifetime of defendant's intestate. The answer to the petition was a general denial. The verdict was for defendant.

In Wagner's Statutes, 710; sect. 1, it is provided: "No inn-keeper in this State, who shall constantly have in his inn an iron safe, in good order, and suitable for the safe custody of

money, jewelry, and articles of gold or silver manufacture, and of the like, and who shall keep a copy of this chapter, printed by itself, in large, plain English type, and framed, constantly and conspicuously suspended in the office, bar-room, saloon, reading, sitting, and parlor rooms of his inn, and also a copy printed by itself, in ordinary-sized plain English type, posted upon the inside of the entrance door of every sleeping-room of his inn, shall be liable for the loss of any such articles aforesaid, suffered by any guest, unless such guest shall have first offered to deliver such property lost by him, to such innkeeper, for custody in such iron safe, and such innkeeper shall have refused or omitted to take it and deposit it in such safe for its custody, and to give such guest a receipt therefor.''

The court, having given for the plaintiff an instruction referring to this statute, instructed for the defendant as follows : —

'' If the jury believe from the evidence that the plaintiff admitted to the defendant, after the alleged loss of goods, that he had read on the public register, in the office of the hotel, a notice to all guests of the hotel that they must deposit their money, jewelry, and other valuables, in the iron safe in the office of the hotel, or the proprieter would not be responsible for them ; and shall further believe that the defendant had a suitable iron safe for that purpose, in good order, in the office of the hotel, at and before the alleged theft, and during all the time plaintiff was a guest in the hotel, and that plaintiff did not offer to deposit the articles sued for, in said safe, then such actual notice is equivalent to the posting or suspending of the notice named in plaintiff's instruction ; and if the jury believe that the plaintiff had such actual notice, and that defendant had such safe in the office of his said inn, then the verdict should be for defendant.''

The common-law responsibility of an innkeeper for the goods of his guests was so strict as almost to admit of no

excuse whatever for the loss.   In *Calye's Case*, 8 Coke, 32, it was declared that the innkeeper was bound absolutely to keep safe the goods of his guest deposited within the inn, and whether the guest acquainted the innkeeper that the goods were there, or did not; and that he would in every event be bound to pay for the goods, if stolen, unless they were stolen by a servant or companion of the guest.   The Missouri statute above quoted was adopted in order to limit this comprehensive liability, and to exonerate the landlord in certain cases, if he shall have complied with the statutory conditions.   No other terms are offered upon which the landlord will be permitted to escape the common-law liability.   The instruction given, however, offers terms of escape which neither the common law nor the statute authorizes.   The statute must be construed strictly.   It nowhere provides that actual notice of the safe may be substituted for the posting of the copies of the statute as directed.   It may be wisely intended that the guest shall know, not only that a safe is provided for his valuables, but also that the positive law will discharge the landlord from responsibility for their loss if the guest fails to perform his duty under the act.   Theoretically, every man is presumed to know the law.   But instances are numerous in which provision is made for special notice to be given of what the law requires.   Independently of the statute, the landlord could not clear himself of responsibility by a mere notice on the register, to which the guest might or might not assent.   The common law holds him to certain duties, in consideration of his general solicitation of the public patronage.   He may avoid them by a special contract with his guest ; but not by a mere notice that he will not perform them, unless upon his own terms.   If he wishes to avail himself of a statutory exemption, he must comply with the precise terms upon which it is offered, and not merely tender a substitute of his own devising.   In *Porter* v. *Gilkey*, 57 Mo. 235, the innkeeper was held

liable for valuables stolen from his guest, although he had complied with all the terms of the statute, with the single exception that the copy of the statute was printed in small, instead of large or ordinary-sized type. It does not appear but that the guest could have read the small type as well as if it had been larger. The Supreme Court required a literal compliance with the statute. without reference to any question of actual notice.

In this record, it does not appear that the defendant's intestate had obeyed all the requisites of the statute. The court erred in instructing the jury that the plaintiff's admission of what he saw on the register might dispense with the landlord's performance of his duty under the law. For this error, the judgment will be reversed and the cause remanded. All the judges concur.