## MURCHISON *vs.* SERGENT.

1. Sections 2117 and 2120 of the Code, which provide that a guest at an inn must comply with all reasonable rules thereof, and that the inn-keeper may adopt reasonable regulations for his own protection, the publication of which to the guests binds the latter to a compliance therewith, are to be construed in connection with section 2119 in order to determine the mode of publication; and so construed it is necessary to post such regulations. That there was upon the register on which a guest wrote his name a notice that " all moneys, jewels, coats, valises and other valuables must be left at the office, and checks received for them, otherwise the proprietor will not be responsible for any loss," would not amount to publication, and the register was not admissible as showing such publication.

(*a.*) At common law an inn-keeper, like a carrier, was an insurer of the goods of a guest. Under the Code the inn-keeper is bound to use extraordinary diligence; he may give notice of reasonable regulations; and negligence of the guest himself, of which the loss is a consequence, is allowed as a defence.

(*b.*) If the register was notice at all, it could not be reasonably applied to a guest occupying a room in the house and leaving therein, on retiring, his clothing, watch, traveling baggage and money carried with him for traveling expenses.

(*c.*) Such entry on the register not being sufficient to affect the rights or duties of the guest, was not admissible to show the negligence in him

2. There being no evidence of notice to the guest, a charge based on the existence thereof was without foundation in evidence.

3. In the absence of notice of some reasonable regulation of the inn, there was no sufficient proof of negligence on the part of the guest in this case to rebut the presumption against the landlord.

(*a.*) Had legal notice been published requiring the deposit of valuables, it would not apply to a watch of reasonable value worn by a guest occupying a room, or to a reasonable sum had by him for the purpose of paying his traveling expenses.

(*b.*) In the absence of notice of a rule of the inn requiring a guest occupying a room to lock and bolt the door, a failure to do so does not amount to legal negligence at common law.

February 6, 1883.

Inns. Damages. Negligence. Charge of Court. Before Judge HARDEN. City Court of Savannah. November Term, 1881.

Reported in the decision,

N. C. COLLIER; CHARLTON & MACKALL, for plaintiff in error.

J. J. ABRAMS; GARRARD & MELDRIM, for defendant.

JACKSON, Chief Justice.

The plaintiff in error sued the defendant to recover some five hundred dollars of money and the value of a gold watch and chain, which sum of money, together with the watch and chain, was stolen from the plaintiff whilst lodging at the hotel of defendant and asleep at night in the room he occupied as a guest. The jury found for the defendant, and on the refusal of the city court of Savannah to grant the plaintiff a new trial on the grounds set out in his motion therefor, he brings the case to be reviewed here.

The facts briefly are that the plaintiff and his wife were on their bridal tour, and remained a few days at the Screven house in Savannah. The plaintiff on retiring to

bed laid his clothing, watch and chain, and pocket book containing the money, with the clothing on a lounge in the room; and in the morning while dressing he discovered his loss.  He testified that he locked and bolted, as he thought, the door of his chamber on retiring, but in the morning ascertained that' the bolt did not work and could not penetrate more than one-sixteenth of an inch, and was worn so as to be insecure.  A guest who had occupied the same room a short time before also testified to the insecurity of the bolt, going into detail in regard to repeated efforts to bolt the door on his part whilst occupying the room, and after many efforts and the exercise of a good degree of strength and skill, his success at last in making the bolt enter an eighth of an inch—positively swearing to its insecurity.  A former employé of the house testified also to the insecurity of the bolt on the door of this room.

On the other side, the proprietor of the hotel and the defendant in this suit, with his clerk, and two or three detectives employed by him, swore that the lock and bolt were perfectly good, and that the plaintiff said to them that he was uncertain about having locked the door, but knew he had not bolted it.  The proprietor admitted that he had changed the notice in some of the rooms.  It was testified by the plaintiff and wife that there was no notice of any sort on their door or in their room when they went to breakfast, but after their loss was known, on their return after breakfast, they found one posted on their door.

The motion for a new trial is based on grounds which may be reduced to three: first that the register of the hotel where the plaintiff entered his name was admitted illegally in evidence; secondly, that the charge of the court on the subject of notice was erroneous; and thirdly, that the verdict is not supported by the evidence and is against the law of the case.

1. Was the register properly admitted as evidence?

The notice therein is as follows:

"Screven House, Savannah, Ga. For good delivery inquire at the office.

Guests without baggage please pay in advance.

All moneys, jewels, coats, valises and other valuables must be left at the office and checks received for them, otherwise the proprietor will not be responsible for any loss."

The statute law of this state declares that, " An inn-keeper is a depository for hire, but from the peculiar nature of his business his liability is governed by more stringent rules," Code 2115; that is to say more stringent rules than other depositaries for hire provided for in previous sections of the Code in the same article on deposits.

" An inn-keeper is bound to extraordinary diligence in preserving the property of his guests intrusted to his care and is liable for the same if stolen, where the guest has complied with all reasonable rules of the inn." Code, §2117.

"It is not necessary to show actual delivery to the inn-keeper. Depositing goods in a public room set apart for such articles, or leaving them in the room of the guest * * * * is a delivery to the innkeeper * * *." Code, §2118.

"The innkeeper may provide an iron safe, or other place of deposit for valuable articles, and by posting a notice thereof may require his guests to place such valuable articles therein, or he will be relieved from responsibility for them." Code, §2119.

"In case of loss the presumption is want of proper diligence in the landlord. Negligence or default by the guest himself, of which the loss is a consequence, is a sufficient defense. The inn-keeper cannot limit his liability by a public notice; he may adopt reasonable regulations for his own protection, and the publication of such to his guests binds them to comply therewith." Code, §2120.

This is the statute law of this state. It is unnecessary

to go elsewhere to ascertain the law of this case and to apply it to the facts. It may be well to say, however, that at common law the rule was perhaps more stringent, yet substantially is very much the same. It was that an inn-keeper, like a common carrier, was an insurer of the goods of his guest, and he could only limit his liability by express contract or notice. Kent's Com., vol. 2, 8th ed., 772, marg. p. 594.

Our statute substitutes extraordinary diligence for in-surance and provides for notice, and then adds that "negligence in the guest himself, of which the loss is a consequence, is a sufficient defense." Under this statute law, was the register, with the heading thereof, admissible as testimony?

Clearly, as conceded by counsel for the defendant in error and by the court below, it was not admissible by virtue of section 2119 of the Code, because no notice of the iron safe was posted in plaintiff's room, or elsewhere, to which his attention was called.

Was it admissible by virtue of sections 2117 and 2120? Section 2117 requires the guest to comply with all reasonable rules of the inn; and 2120 enacts that reason-able regulations may be adopted for his own protection by the inn-keeper, and the publication of such to the guest binds the guest to comply therewith.

These sections must be construed *in pari materia* with section 2119. The latter enacts how the guest is to be informed about the iron safe, or other place of deposit. It must be done by posting a notice thereof. That is the reasonable regulation and the manner of its publication, so far as the notice about a place of deposit for valuable articles is concerned. Section 2120 must refer to reason-able regulations other than those connected with the safe and their publication; because our statute law in 2119 has provided how the notice to the guest of the iron safe, or other place of deposit, shall be given. The register gives notice and publishes it, if at all, that the place of deposit is "the office," where "all moneys, jewels, coats,

valises and other valuables must be left;" but the statute 2119 requires that notice to be posted, and it is not pretended that printing it on the register is posting it.

Besides, it cannot be that such a notice is applicable to guests in a room in the hotel. Is the guest to deposit his valise there, and go or send after it to get out a clean shirt to put on? Is he to leave his coat there, go to his room in his shirt sleeves, or send it down and get a check for it after he goes to bed? Is he to deposit there his watch and pocket change and get a check for them? The whole regulation, if meant for guests in their rooms, is on its face not only unreasonable but absurd.

It was not admissible under sections 2120 and 2117 any more than under 2119 of the Georgia Code.

Was it admissible to show negligence in this guest in not reading it when he registered his name under it? He was bound to know the law at his peril, and surely he may use it for his protection. When he knew it, he knew that such notice was not applicable, and could not be applicable, to him in his room; because it was unreasonable to apply it to the wearing apparel and valises and trunks and other luggage of the sojourner at the hotel with his wife in his room. Besides all this, does one man in a hundred, when he registers his name, read the printed heading of the register? What sort of publication is it to guests? In no view we can take of our statutes, their reason and spirit, is it such a publication to the guest as the law requires, and if it were to transient people stopping for meals and pulling off overcoats and laying down valises, it is not to guests who take rooms at the hotel. We think it, however, not sufficient under our statutes to bind anybody. For these reasons we think the court erred in regard to the admissibility of this register with its heading.

2. It follows from the views on its admissibility that the court also necessarily erred in respect to his charge about the notice; because there is no other evidence or

shadow of evidence of any sort of notice of any regula-
tion of this inn brought home to this plaintiff, and that
on the register being wholly insufficient to bind him, the
charge thereon cannot be the law of this case. The
charge and failure to charge complained of are, referring
to the notice in the register, that the jury shall judge
whether there has been publication of it in this case and
whether it is reasonable, and not charging that there was
no notice at all for them to consider. This charge and
failure to charge are erroneous and hurt the plaintiff.

3. This left as the sole questions for trial, was the plain-
tiff negligent, and was the loss the consequence of that
negligence? The presumption of law is that the de-
fendant, the landlord, was negligent, and his negligence
caused the loss. Code 2120. That section declares that
"in case of loss, the presumption is want of proper dili-
gence in the landlord." So the case stands precisely as
though the plaintiff had proved gross negligence on the
defendant. What "negligence or default by the guest
himself, of which the loss is a consequence," and which
the same section 2120 enacts shall be "a sufficient de-
fence" by the landlord to show, in order to rebut the
presumption the law fixes on him, is proved in this record?
No regulation of the hotel was made known to him; no
express agreement was made with him; the articles
stolen were in the room assigned him. Their deposit in
that room, by section 2118 of the Code, was a delivery
to this inn-keeper, and he must make good their loss,
unless the negligence of the guest caused it, and that the
landlord must prove.

Was the plaintiff negligent in putting his clothes and
watch on the lounge? or in leaving his money in the
pocket book with his clothes? or in not bolting the door,
if he did not, in the absence of any notice of a regula-
tion that he must? We cannot see that, whilst it may
have been carelessness to some extent, any thing of this
sort, in the absence of notice of some rule or regulation,

is such negligence as will relieve the landlord of that gross negligence of which the law presumes him guilty. The entire room is safe for the guest, if he comply with the rules of the inn.   The deposit of any thing in it is a deposit with the landlord—a delivery to him ; unless, therefore, notified that he must not leave it in that room, it is not negligence to do so.

Even if notice had been published to him according to law to deposit valuables in another place, it would not apply to traveling money and a watch of reasonable amount and value.   Pettigrew *vs.* Barnum, 11 Md., 434 ; Maltby *vs.* Chapman, 25 *Ib.*, 310 ;  7 Cushing, 417 ; 44 N. Y., 172.

In the absence of notice of a rule of the inn to lock and bolt the door, the failure to do so is not legal negligence at common law.   Morgan *vs.* Rang *et al.*, 6 H. & N. (Exch.), 265 ; 1 Hilton (N. Y.), 84 ; 2 Sweeny (N. Y.), 707 ; 36 Barb (N. Y.), 70–78.   Our statutes have not altered this rule.   The fact that negligence is a question for the jury under our law and practice hardly can so alter the law as to prevent the courts from supervising their finding, and setting the verdict aside where there is no evidence of legal negligence.   So that, conceding that plaintiff did not lock and bolt his door, and that the lock and bolt were perfect, in the absence of notice of a regulation published to him according to law, he would not be legally negligent in not doing so ; and certainly in the absence of legal notice to deposit valuables in the safe or at the office, he was not in the eye of the law negligent in not depositing there the money he used on his travels, and the accompaniment of his person, his watch.

But in this case the bolt, according to the evidence of plaintiff, another guest who had occupied the room before, and a former clerk of the hotel, was wholly unsafe.   It is true that the landlord and others testified to the contrary.   Those others were his employés—some of them detectives employed by him—but those detectives appear

to have demeaned themselves so as to get evidence for the landlord, rather than to detect the thief. The entirely disinterested evidence of the former clerk of the hotel and of the former guest who occupied the room before the plaintiff, it strikes us, should have outweighed the testimony put in by defendant 'on this point. The testimony of plaintiff is positive that he locked and bolted the door as he thought, not then knowing the defect of the bolt. His admissions are to the contrary; but these should be scanned with care. Code 3792. It may be that the plaintiff said to these witnesses that he was certain he did not bolt the door, because he was talking to them after his discovery of the defect of the bolt that it would not work. If so, all the testimony, thus scanned with care, is reconcilable.

The truth seems to us to be that after the theft, the landlord tried to gather evidence to defend the case if sued. It does not look well that no notice was on plaintiff's room door when he and his wife went to breakfast after the theft, and after the people of the hotel knew it, but while they were there at breakfast it was posted.

On the conflict of testimony on these points, however, it is not our habit to interfere with the finding of the jury; and the reversal of the court below is put on the points that the register was improperly admitted in evidence; that the charge on the subject of the notice which the register was illegally admitted to give, is, therefore, erroneous; and that without notice of some reasonable rule or regulation of the inn to the guest, there is no sufficient proof in law of negligence in the plaintiff, which caused his loss, to rebut and overcome that gross negligence which the law fixes by its positive presumption upon the landlord.

Judgment reversed.

Cited for plaintiff in error: 2 Kent's Com. 594, 772, 773; 9 Pick., 280; 41 *Ga.* 65; 43 N. Y., 539; 44 *Ib.*, 172;

7 Cush., 417; 11 Md., 434; 25 *Ib.*, 310; 2 P. & F., 285; Jacob Fisher's Dig., vol. 3, p. 65, 38; Mitchell *vs.* Woods, 16 Law Times, N. Y., 676; 6 H. & N. (Exch.), 265; 1 Hilton, 84; 2 Sweeny, 707; 36 Barb., 70; 8 Mo. App., 24; 12 U. S. Dig., N. S., p. 452, Title Inn-keepers; and Code on Inn-keepers.

For defendants: 18 Am., R. 131, 134; 60 *Ga.*, 185; Code, 2120.