# Glenn *v.* Jackson.

*Action for Lost Baggage, by Guest against Hotel-Keeper.*

1. *Hotel-keeper's liability for goods of ₊guest.*—An innkeeper, or proprietor of a hotel in a city, is liable for the goods or baggage of his guest, only so long as the relation continues between them, unless his liability is extended further by a special contract; and where a guest, preparing to leave, delivers his valise to a boy who answers the bell-call, directing him to take it down and have it checked, and to leave the check for him at the clerk's office, and, on going down to the office, receives his check, pays his bill, and departs, not requesting the clerk to take care of his valise until his return, nor notifying the clerk that he left it and intended to return in a few days, the proprietor is not liable for the valise on account of its loss before the return of the guest.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by E. T. Glenn, against J. F. B. Jackson and W. D. McCurdy, to recover damages for the loss of a valise and its contents while the plaintiff was, as he claimed, a guest at the Florence Hotel in Birmingham, of which the defendants were the proprietors. On appeal to the City Court, a trial by jury being waived, the court rendered judgment for the defendants; and this judgment is here assigned as error.

CARMICHAEL & THACH, for appellant, cited *Chamberlain v. Masterson*, 26 Ala. 371; *Beale v. Posey*, 72 Ala. 323; *Washburn v. Jones*, 14 Barb. 193; *Adams v. Clem*, 41 Geo. 65; 5 Amer. Rep. 524; *McDonald v. Egerton*, 5 Barb. 560; *Whitemore v. Haralson*, 2 Lea, Tenn. 312; *Murray v. Marshall*, 59 Amer. Rep. 152; 13 Md. 126; 37 Geo. 242; 4 Cush. Mass. 114; 50 Amer. Dec. 760; *Haas v. Taylor*, 80 Ala. 459; 4 Barb. 361; 55 Barb. 191; *Nelson v. King*, 25 Tex. 655; 21 N. Y. 531; 1 Smith's L. C. 249; Story on Agency, §§ 126-7, 443; Schouler on Bailments, §§ 117-18; 1 A. & E. Ency. of Law, 410.

WHITE & HOWZE, *contra*, cited *Hays v. Turner*, 23 Iowa, 214; *Miller v. Peeples*, 45 Amer. Rep. 423; 23 Fla. 629; *Whitemore v. Haralson*, 2 Lea, Tenn. 312.

[Glenn v. Jackson.]

COLEMAN, J.—The material facts, briefly stated, are substantially as follows: Defendants were proprietors of the Florence Hotel. The plaintiff had been in the habit of stopping at the Florence Hotel as a guest for two or three days each week for over a year, but under no continuous special contract. On the morning of the 23d of November, 1888, being in his room, the plaintiff rang the bell for a servant, and he handed his valise, in which was wearing apparel, etc., to the porter who responded to the bell-call, with directions to take it down and check it, and leave the check for him at the clerk's office; that he soon after went down, found a check on the register, which the porter who had taken his valise down informed him was his check; that he settled his hotel bill with the clerk, surrendered his room, and left, without any contract that he would return; that two or three days afterwards he returned to the hotel, presented his check (No. 35), and called for his valise. The check room was examined, but the valise could not be found. The number corresponding to 35 was in the check room on a hook.

The check room was just opposite the office of the clerk, and was without a door, and was used only for storing and checking the baggage of guests. The evidence showed that the plaintiff did not notify the clerk, or any one connected with the hotel, except the porter to whom he gave the valise, that his baggage was to be placed in the check room; and the clerk who was on duty testified, that he had no notice or knowledge that the plaintiff's valise had been placed in the check room. It was further in evidence, that the servants and porters in the hotel had instructions neither to check nor deliver baggage without notice and permission of the clerk of the hotel who might be on duty. There was no other evidence tending to show that the valise was ever placed in the check room, or when it was taken or stolen, or by whom. Plaintiff did not pay or agree to pay anything for keeping his baggage.

The common-law liability of innkeepers, except so far as modified by statute, is recognized and applied in this State. Rates of charges, and reasonable limitations upon their liability, may be fixed by special contract. A guest may also be guilty of such proximate contributory negligence as to exonerate innkeepers from responsibility.—*Lanier v. Youngblood*, 73 Ala. 592; Story on Bailments, §§ 483–4; Story on Con. §§ 744–49. The strict common-law liability of innkeepers is for the protection of the goods of their guests, and while the relation of innkeeper and guest exists. The words of the common law were, "*eorum bona et catalla infra hospitia.*" 8 Coke's Rep. 203, 32a; 4 Amer. Rep. 659.

[Glenn v. Jackson.]

The evidence in the present case shows that, on each several visit of the plaintiff to the hotel, he was a guest, and was entitled to all the protection of the common law. It is equally clear that this relation terminated after each stoppage. He was charged and paid the usual day rates without reduction, and no agreement was made as to future visits. When the plaintiff paid his bill and left, the relation of innkeeper and guest ceased to exist.—*O'Brien v. Vail*, 1 Am. St. Rep. 219; 22 Fla. 627. If, when he paid his bill, he had called for his valise, and it then had been stolen or lost, there could be no doubt of the liability of the defendant; or, if he had requested the defendant, or his authorized clerk, to take charge of his baggage until his return, agreeing to return within a short time, and the defendant or clerk had consented to do so, a liability would have been assumed by such agreement.—Story on Bailments, § 477, and note. Or, if the plaintiff had not paid his bill, and the defendant had undertaken to retain the baggage to secure the plaintiff's debt to him, the defendant would be liable.—*Haas v. Taylor*, 80 Ala. 465. And there may be cases, according to the particular circumstances, where an innkeeper may be liable for the goods of a guest, for a reasonable time, after the departure of the guest from the inn.—*Adams v. Clem*, 41 Ga. 65; 5 Am. Rep. 524. See criticism on this case in 1 Amer. St Rep., and 22 Fla., *supra*.

If a traveller, intending to become a guest at a hotel, meets a porter of the hotel at the depot, or other usual stopping places for travellers, and intrusts his baggage with the porter sent out for the purpose of soliciting patronage and caring for the baggage of such guest, the relation of innkeeper and guest for the protection of the baggage is thereby created. Or, if a guest, intending to leave the hotel, intrusts his baggage to a porter of the hotel, whose duty it is to deliver the baggage at the depot, the relation is continued, until the delivery at the designated place. But these principles of law afford no protection to one who intrusts his baggage to a mere servant of the hotel, not authorized to receive baggage, with directions to him to check it, for safe-keeping until he returns, then pays his bill to the clerk, and terminates his relation as guest, and gives no notice to the innkeeper or clerk that he expects to return, and that he has left his baggage, to be taken care of until his return. "When a person came to an inn with a hamper of hats, and went away and left them there for two days, and in his absence they were stolen, it was held that he was not to be deemed a guest, and that the innkeeper was not liable for the loss thereof."—Story on Bailm. § 477.

It is not in the power of a bailor to force upon another the

custody of his goods. It must be a duty voluntarily assumed, or one imposed by law. A deposit received by a servant, not in the line of his duty, and without the expressed or implied consent of his principal, and against positive instructions, can not impose a liability upon the principal. In such case, the deposit is a mere personal trust in the servant.

There is nothing in the objection, that the court permitted the defendant to assign other grounds of demurrer at the trial, which had not been previously assigned.

Affirmed.