## 4801.  AUSTIN *v.* BERLIN SUPPLY COMPANY.

The keeper of a livery-stable is not liable for the loss of goods deposited with him for hire which have been destroyed by an accidental fire, where it appears that he has exercised extraordinary diligence for their preservation.

DECIDED JUNE 10, 1913.

Complaint;  from  Colquitt  superior  court—Judge  Thomas. March 8, 1913.

*Shipp & Kline,* for plaintiff.
*T. H. Parker, James Humphreys,* for defendant.

POTTLE, J.  The only question in this case which need be considered is whether a keeper of a livery-stable is liable to the owner of goods deposited with him for hire which were destroyed by an

accidental fire. While there may be some slight difference among the authorities in reference to the rule existing at common law, it is settled by the great weight of authority that an innkeeper was liable at common law as an insurer of goods of his guest, and could limit his liability only by express agreement or notice. It resulted from this that at common law an innkeeper was held liable for the property of his guest which was destroyed by an accidental fire. See Cutler v. Bonney, 30 Mich. 259, and numerous authorities cited in the notes to that case in 18 Am. Rep. 127; Hulett v. Swift, 33 N. Y. 471 (88 Am. Dec. 405), where it was said that only the negligence or fault of the guest, or the act of God or of the public enemy would relieve the innkeeper from liability; Fay v. Pacific Improvement Co., 93 Cal. 253 (27 Am. State Rep. 198, and notes). In 22 Cyc. 1081, the prevailing view is stated to be that an innkeeper is liable like a common carrier, for loss of goods of his guest, unless the loss was occasioned by the act of God or the public enemy, or by the fault of the owner; though it is stated that according to another view, as announced in a few decisions, the innkeeper would be excused if the goods were lost without default on the part of himself or his servant or as the result of accidental fire. In this State the liability of the keeper of a livery-stable is the same as that of an innkeeper. Civil Code, § 3515. It being settled that at common law an innkeeper was an insurer of goods of his guest, and was liable unless he could show that the loss of the goods was occasioned by the act of God or the public enemy, or the fault of the guest, it remains only to inquire whether or not this rule has been modified by the statutes of this State.

"An innkeeper is a depositary for hire, but, from the peculiar nature of his business, his liability is governed by more stringent rules." Civil Code, § 3506. "An innkeeper is bound to extraordinary diligence in preserving the property of his guests intrusted to his care, and is liable for the same, if stolen, where the guest has complied with all reasonable rules of the inn." Civil Code, § 3508. Section 3510 contains a statutory declaration to the effect that it is reasonable for an innkeeper to provide a safe place for the deposit of valuable articles and require the guests to place such valuable articles therein. This section is, of course, not intended to be exhaustive as to the reasonable rules which may be adopted by an innkeeper. "In case of loss, the presumption is want

of proper diligence in the landlord. Negligence or default by the guest himself, of which the loss is a consequence, is a sufficient defense. The innkeeper can not limit his liability by a public notice; he may adopt reasonable regulations for his own protection, and the publication of such to his guests binds them to comply therewith." Civil Code, § 3511. The law contained in these sections appeared in the first code of this State and was codified in the succeeding codes in the same language. There seems to have been no case in this State which deals with the question of liability of an innkeeper for goods which have been destroyed by accidental fire; but there are several decisions wherein the question of liability for loss of goods of guests by theft or other causes, except accidental fire, have been considered. In *Sasseen* v. *Clark,* 37 *Ga.* 242, the goods of a guest were lost while in the custody of an innkeeper. In the opinion in that case Judge Walker stated that both at common law and under our statutes innkeepers were bound to use extraordinary diligence in preserving the property of their guests, but might relieve themselves from liability by showing that the loss was occasioned by negligence or fault of the guest himself. In *Rockwell* v. *Proctor,* 39 *Ga.* 105, an innkeeper was held liable to a guest for the loss of an overcoat, upon proof merely that the coat was intrusted to the innkeeper by the guest and was lost without fault on the part of the guest. In *Adams* v. *Clem,* 41 *Ga.* 65, the rule was stated to be that an innkeeper is bound to extraordinary diligence in preserving the property of his guest, intrusted to his care, where the guest has complied with all the reasonable rules of the inn. In *Murchison* v. *Sergent,* 69 *Ga.* 206, it was held that "at common law an innkeeper, like a carrier, was an insurer of the goods of a guest. Under the code an innkeeper is bound to use extraordinary diligence; he may give notice of reasonable regulations; and negligence of the guest himself, of which the loss is a consequence, is allowed as a defense." In that case it appeared that a sum of money and some jewelry were stolen from the plaintiff while lodging at the defendant's hotel. The jury found for the defendant, and the Supreme Court held, in substance, in reversing the judgment, that the facts demanded a verdict for the plaintiff. In the opinion, after citing the various code sections, Chief Justice Jackson remarked: "It may be well to say, however, that at common law the rule was perhaps more stringent, yet substantially is

very much the same. It was that an innkeeper, like a common carrier, was an insurer of the goods of his guest, and he could only limit his liability by express contract or notice." In *Coskery* v. *Nagle,* 83 *Ga.* 696 (10 S. E. 491), the goods of a guest were either lost or stolen by a porter of an innkeeper. The innkeeper was held liable. In the opinion the court said, "The liability of an innkeeper, at common law in this State, is that of an insurer. We know that this is a harsh rule, but it seems to have been the policy of the law of England—which was adopted by this State—to hold landlords and proprietors of inns or hotels, or houses kept for the accommodation of transient guests, wayfarers and travelers, to the utmost responsibility and liability for the baggage and goods of such persons intrusted to their care." As before remarked, the Supreme Court of this State has never had under consideration the question of liability of an innkeeper for loss of goods destroyed by accidental fire. In the decision last cited the court was dealing with the question of liability for loss of goods which had apparently been stolen either by or from the innkeeper's servant. That decision is direct authority for the proposition that in such a case the liability of an innkeeper was that of an insurer. None of the decisions, except in *Murchison* v. *Sergent,* supra, seem to recognize any distinction between the common law and the statutes of this State, although in *Adams* v. *Clem,* supra, the rule was stated to be that an innkeeper was bound to extraordinary diligence in preserving the property of his guest. In the *Murchison* case, however, a distinction seems to be recognized between the code of this State and the common law, because it was there held that, while at common law an innkeeper was an insurer of the goods of his guest, under the statutes of this State he is bound to use extraordinary diligence; although Judge Jackson remarks, in the opinion, that the common-law rule and the statutory rule are substantially "very much the same."

Since the codifiers had no authority to change the common law, the presumption is that they did not do so, unless the language employed requires a contrary conclusion. Giving due effect to this presumption and the decisions of the Supreme Court above referred to, it seems to us that the proper construction of section 3508 of the Civil Code is as follows: Where it is shown that the property of a guest was stolen while in the custody of an innkeeper, and

51

the guest has complied with all reasonable rules of the inn, the liability of the innkeeper is that of an insurer. In all other cases of loss the innkeeper may excuse himself by showing that the loss was due to negligence or fault of the guest himself, or occurred after the exercise by the innkeeper of extraordinary diligence. By section 3511 it is provided that in case of loss the presumption is want of "proper diligence" in the landlord. Necessarily, as to goods not stolen, "proper diligence" means extraordinary diligence, as provided in section 3508. Unless the sections of the code are given this construction, the words "extraordinary diligence," as used in section 3508, would be meaningless; because there is a vast difference between liability as an insurer and liability for the failure to exercise extraordinary care. This is illustrated by the liability of a carrier of passengers, which is for a failure to exercise extraordinary diligence, and the liability of a common carrier, which is that of an insurer, who can excuse himself only by showing that the loss occurred on account of the act of God or of the public enemy of the State, or by a breach by the shipper of some reasonable stipulation in the contract of affreightment. "Extraordinary diligence is that extreme care and caution which very prudent and thoughtful persons use in securing and preserving their own property. The absence of such diligence is termed slight neglect." Civil Code, § 3472. If the goods of the guest are destroyed by fire while in the custody of an innkeeper, the presumption is that the innkeeper has failed to exercise extraordinary diligence, but if he affirmatively shows that he has exercised this degree of care, he will not be liable. Generally this is a question of fact for the jury. In the present case, without discussing the evidence at length, it is sufficient to say that it fully authorized, if it did not demand, a finding that the keeper of the livery-stable had exercised extraordinary care. The fire occurred at one o'clock at night. It seems to have been the result of pure accident, without fault on the part of the keeper of the livery-stable, and the jury were well authorized to find that after the fire was in progress the destruction of the property was not due to the failure of the keeper of the livery-stable to exercise that degree of care which the law imposed upon him.

*Judgment affirmed.*