THE HOTEL CLEVELAND CO. *v.* WIENERS.

*Innkeepers and hotels — Liability for loss of property — Guest pays bill and orders luggage checked — Limitation of liability — Section 5983, General Code.*

1. One who immediately after paying his bill at a hotel, and while still standing at the cashier's window, directs an employe of the hotel to check his grip, which he left in the room he had occupied, is still the guest of the hotel; and where the grip is lost before it reaches the check-room it is lost while such person is a guest.

2. Section 5983, General Code, limiting the liability of innkeepers for loss of property of guests, does not apply where the relation of innkeeper and guest exists, but applies only to such goods as may be placed in the direct care of the innkeeper. (*Palace Hotel Co.* v. *Medart*, 87 Ohio St., 130, approved and followed.)

(Decided March 5, 1921.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Dustin, McKeehan, Merrick, Alter & Stewart,* for plaintiff in error.

*Mr. Grover Hosford,* for defendant in error.

VICKERY, J.  This cause comes into this court on a petition in error to the municipal court of Cleveland, to reverse a judgment obtained in that court by Wieners against The Hotel Cleveland Company.

It will be necessary in order to understand the case, to recite briefly the facts:

Wieners became a guest at the defendant's hotel, registered on November 17, 1919, and was assigned to a room. About five-thirty P. M., on November 19, being in a hurry to keep an appointment, he packed a large traveling bag, left it in his room, and went down to the hotel office to pay his bill at

the cashier's window. He had just paid his bill, and was standing at the cashier's desk, where he was receiving his change, when a bellboy employed at said hotel, by the name of Wendell Jackson, stepped up to Wieners and asked if he could be of any service to him, whereupon Wieners said to the bellboy he could get his bag from his room, bring it down, check it, and leave the check at the window; or perhaps he told him to see the porter and have the bag brought down and checked and leave the check at the office and he would call for it the next day. The record shows that the bellboy did communicate this instruction to the porter, whereupon the porter instructed the bellboy to go to the room and get the valise and bring it down, and put it in the check-room. The bellboy started on his errand, but somebody else called his attention to some other matter, and he proceeded to do the other thing and neglected and forgot to bring this valise or handbag to the check room, as ordered by the porter.

About a half hour later, the same day, another guest registered at the hotel, and he was assigned this same room. The record shows that he was taken to the room by another bellboy, whereupon it was noticed by the bellboy that this valise, answering the description of Wiener's valise, was in the room, and the boy said that he must call up and have it taken out, whereupon the new guest said: "Why, that belongs to a friend of mine, and he and I are going to bunk here together tonight." This was said although the bellboy came direct from the office with the key and let this man in; and even although he was a new party registering and being assigned to that room. The second bellboy did not

take it from the room, and the new guest, a man by the name of Burnham, checked out the very next morning, at about three-thirty A. M., and presumably took this valise with him, although there is nothing in the record to indicate it except the circumstances above referred to. When the plaintiff below, Wieners, called for the check the next day, or two days after, there was no check for him, nor could they find the valise or any trace of it, whereupon he instituted this suit and recovered the verdict, as before stated, of $200, and it is to reverse that verdict and the judgment thereon that this proceeding is brought.

The question that first strikes us in this case is, Had the defendant in error ceased to be a guest? It is admitted frankly by counsel for plaintiff in error that if he was a guest, then what they had set up in their brief would not be pertinent, and the judgment of the court below was right. They urge, however, that he had ceased being a guest, and they cite us to *Glenn* v. *Jackson,* 93 Ala., 342, a case which seems to be on all fours with the instant case; but this case can readily be distinguished from it.

If the valise in the instant case had actually been taken by the bellboy under the directions of the porter, to the check-room, and the valise had been lost there, it would have been on all fours with the case of *Glenn* v. *Jackson, supra,* but it will be noted from the facts in this case that the valise never was taken from the room, and the order having been given by the porter to have the valise brought down and placed in the check-room, until that was done it was still the property of a guest in the hotel, his

relation as such not having ceased under the circumstances here indicated. It surely cannot be claimed that a man ceases to be a guest in a hotel as soon as he pays his bill, without having a reasonable opportunity of getting out of the hotel and taking his property out. The view that we take of this case is that this man was still a guest when he directed the bellboy to have the porter bring this valise down and put it in the check-room, and, as the grip was lost before it ever got to the checkroom, it was lost while he was still a guest of the hotel. Thus, in the case of *Glenn* v. *Jackson, supra,* it was held that when an innkeeper undertakes to deliver at a designated place the goods of a departing guest he remains answerable as innkeeper until the delivery at that place.

Taking this view of the case, it will not be necessary for us to consider the question of liability that would have existed if the relation of guest and innkeeper had ceased between these parties and that of bailor and bailee had been established.

It is argued with much force that even if the relation of bailor and bailee had been established, the evidence in the case showed that the innkeeper was guilty of gross neglect, and that in that event he would be liable for the loss of the goods of the bailor even though it was a gratuitous bailment; but in the case of *Hotels Statler Co.* v. *Safier,** decided by this court, Number 2511, this court has already held that instead of being a gratuitous bailment it would be a bailment for hire, citing 14 Ruling Case Law, 533. But as has already been

---

* REPORTER's NOTE — Affirmed, 103 Ohio St., 698.

said, we base the judgment of this court upon the proposition that the relation of hotelkeeper and guest had not ceased, at least until this valise had been placed in the check-room as ordered and directed by the porter, following the line of authorities that we believe establishes that doctrine.

It is also claimed that the verdict is too high, as Section 5983, General Code, limits the liability of an innkeeper for lost goods to $50.

We do not think this statute applies in cases where the relation of innkeeper and guest exists. In the case of *Palace Hotel* v. *Medart,* 87 Ohio St., 130, citing from pages 135 and 136, the supreme court practically decided that this section was not intended to apply to personal property of the guest, other than money, jewelry, etc., left by the guest in his sleeping room, but only to such goods as may be placed in the care of the innkeeper. We therefore are of the opinion that this verdict, and judgment thereon for two hundred dollars, were sustained by the evidence and are not contrary to law. The judgment will therefore be affirmed.

*Judgment affirmed.*

WASHBURN, P. J., and INGERSOLL, J., concur.