126 So.2d 486

**MOBILE BATTLE HOUSE, INC.**

v.

**Meyer E. WOLF.**

I Div. 780.

Supreme Court of Alabama.

Jan. 26, 1961.

Inge & Twitty, Mobile, for appellee.

---

Johnston, McCall & Johnston, McCorvey, Turner, Johnstone & May, and Vickers, Riis, Murray & Curran, Mobile, for appellant.

LIVINGSTON, Chief Justice.

Meyer E. Wolf, individually and doing business under the trade name of Meyer E. Wolf Company, sued the Mobile Battle

House, Inc., a corporation, for the loss of a sample case containing a large number of diamonds while he was a guest at the defendant's hotel.

As amended, Count 1 of the complaint alleged, in substance, that on, to wit, October 7, 1956, while a guest at appellant's hotel, he deposited a sample case containing a large number of diamonds with an agent or servant of the hotel for safekeeping in the hotel's vault; that he recieved a claim check as receipt for said sample case, and that on, to wit, October 8, 1956, while still a guest at the hotel, he presented said claim check to the agent or clerk of the hotel and requested return of his said sample case; and that the hotel at all times since has refused or failed to return the same, or any part thereof.

We are not here concerned with Count 2 of the amended complaint, a count for the conversion of the diamonds, because, as to Count 2 the trial court gave the general charge for the defendant.

The hotel filed pleas, numbered 1 and 2 (the general issue), and several additional pleas to which demurrers were sustained. All of the special pleas filed by the hotel were based upon the $300 limitation of liability as provided by Sec. 15, as amended, of Title 24, Code of Alabama 1940.

It appears from the record before us that Wolf, a jewelry salesman, entered the appellant hotel as a guest on the date set out above. He deposited his sample case with the clerk who put it in the hotel's vault. Sometime later, when a different clerk was on duty, some unidentified man, by some form of trickery, got the plaintiff's sample case, and he has never been caught or identified.

While not admitted, it seems clear enough that the hotel did not comply with Sec. 13 of Title 24, Code of 1940. But the hotel claims that Sec. 13 is designed by the legislature to give proper notice to guests in order to relieve them of the common law liability which obtains in the loss of valuables, and inasmuch as Wolf positive-ly knew, by having deposited his sample case with the clerk, that the posted notice, as required by Sec. 13, Title 24, Code of 1940, is unimportant in this case.

On the other hand, Wolf contends that the entire limitation contained in Sec. 15, supra, is predicated upon compliance with Sec. 13 of Title 24, and since there is no such compliance in this case, no limitation of liability under Sec. 15, supra, is available to the appellant and he is liable as at common law.

The jury returned a verdict for the plaintiff and judgment was rendered thereon, and a motion to set aside the verdict and judgment and to grant a new trial was denied by the trial court. Clear enough the liability of hotel and innkeepers, under the common law, for the loss of money or other valuables of their guests was that of an insurer. This is not denied by appellant.

Several sections of Title 24, Code of Alabama 1940, are pertinent to this inquiry. Those sections are as follows: Sections 11, 12, 13, 14 of the Code of 1940, and Sec. 15, as amended by Act No. 407, Acts of Alabama 1943, p. 374, approved July 8, 1943:

"§ 11. Liability of inn or hotel keepers.—In the absence of a special contract, as is authorized in the succeeding section, the rights of guests, and the liability of the keeper, remain as at common law.

"§ 12. Special contract between inn or hotel keeper and guest authorized.—The keeper of a public inn or hotel may require any guest, or person proposing to become a guest, to enter into a special contract as to the kind and place of board, entertainment, or lodging to be furnished such guest, and the price therefor to be paid; and if such guest refuses to enter into such contract and to accept board, entertainment, or lodging at the price proposed, as the keeper may

offer, the keeper may refuse to receive or entertain such guest, and because of such refusal shall not incur any liability whatever. Such special contract must be in writing, signed by both parties; and thereby the inn or hotel keeper may limit his liability for the safety of the goods of such guest, as it is defined or declared by the common law.

"§ 13. Keep safes and post up notices.—Every keeper of a public inn or hotel in a city must provide himself with an iron chest, or other safe depository for the valuable articles belonging to his guests and customers, and must keep posted up on his doors and other public places in his house of entertainment, written or printed notices to his guests and customers, that they must leave their valuables with the landlord, his agent, or clerk, for safekeeping, that he may make safe deposit of the same in the place provided for that purpose.

"§ 14. Liability on failure to comply.—Any hotel or innkeeper, who shall refuse or neglect to comply with the requirements of section 13 of this title shall not be entitled to the exemptions and benefits contained in the preceding section, but shall, in all respects, be liable as at common law.

"§ 15. (As amended by Act No. 407, Acts of Alabama 1943, p. 374). Liability on compliance.—Such hotel or innkeeper as shall comply with the requirements of section 13 of this title shall not be liable in any amount for any loss of such valuables, by theft or otherwise, if the same shall not have been left with the hotel or innkeeper, his clerk or agent, for deposit in said safe depository; and the liability of said hotel or innkeeper for such valuables left with said hotel or innkeeper, his clerk or agent, for deposit in said safe depository, shall be limited to an amount not exceeding three hundred dollars, unless a written contract pro-

viding a greater liability is entered into and executed by such guest and the proprietor of said hotel or inn. Valuables shall mean and include money, jewelry, watches, plate or other things made of gold, silver or platinum, rare or precious stones, rings, ornaments and bonds, securities, bank notes or other valuable papers, railroad tickets, or other valuable articles of such description as may be contained in small compass, owned or possessed by said guests."

Before the 1943 Amendment, Sec. 15 of Title 24 read as follows:

"§ 15. Not liable for articles not deposited.—Such hotel or inn keeper as shall comply with the requirements of section 13 of this title, shall not be liable for any money, jewelry, watches, plate, or other things made of gold or silver, or of rare and precious stones, or for other valuable articles of such description as may be contained in small compass, which may be abstracted or lost from any such public inn or hotel, if the same shall not be left with the hotel or inn keeper, his clerk, or agent, for deposit, unless such loss shall occur through the fraud of the hotel or inn keeper, or some clerk or servant employed by him in such inn or hotel."

The 1923 Code of Alabama contained Chapter 156, Sections 4464–4478, both inclusive, which dealt with hotels, innkeepers, restaurants, and cafekeepers. The 1923 Code also contained Chapter 305, Sections 8313 to 8318, both inclusive, dealing with hotels and innkeepers. The Code Committee of 1939 combined, revised and rewrote Chapters 156 and 305 of the Code of 1923, and the combination as revised and rewritten appear in the 1940 Code as Title 24, Hotels and Innkeepers, Sections 1 through 20. The combination, revision and rewriting of Chapters 156 and 305 of the Code of 1923 rendered obsolete certain sections of the Code of 1923, and they were

left out of the Code of 1940. The revision also changed the juxtaposition of certain sections of the Code of 1923. The revision of Chapters 156 and 305 of the Code of 1923 also made the same apply to hotels and innkeepers only, and reference to restaurants and cafes were left out of Title 24 of the Code of Alabama 1940.

The position of Sec. 8317 of the Code of 1923 was reversed in its position with Sec. 8318 of the Code of 1923, and they appear in the Code of 1940 as follows: Sec. 8318 as Sec. 14, and Sec. 8317 as Sec. 15. This change was made by the Code Committee and adopted by the legislature upon adoption of the Code.

These sections of the Code must be read and construed in pari materia.

Sec. 15 of Title 24, Code 1940, prior to the 1943 Amendment, provided, in substance, that there shall be no liability upon the hotel where the hotel has complied with Sec. 13, supra, and the guest has not utilized the facilities offered. There is no provision defining the liability of the hotel where the hotel has complied with Sec. 13, supra, and the guest has also utilized the facilities. Apparently, the legislative intent was to place the hotel under the common law liability where it had complied with Sec. 13 and the guest had utilized the facilities. In other words, the protection afforded the hotels under Sec. 15, prior to the 1943 Amendment, was the fact that the hotel, while still liable as at common law also had possession and control of the valuables of the guest and ostensibly could protect itself.

What effect did the 1943 Amendment have on that status or situation? It seems to us that the legislature intended by the amendment to limit the liability of the hotel to $300 where the hotel has complied with Sec. 13 and the guest has utilized the facility, but also gave to the hotel and guest the right to contract for a greater liability if they saw fit to do so.

In brief, the appellant states the issues involved on this appeal as follows:

"By way of explanation, the appellant is basing this appeal on one question, viz., is it entitled to the $300 limitation of liability set forth in Section 15, as amended, of Title 24 of the Code of Alabama of 1940, * *."

Appellant also states in brief:

"The question for decision here is whether or not it is necessary for a hotel to comply with Section 13 as to the posting of notice in order to obtain the benefit of the $300 limitation of liability in Section 15 under a fact situation where the valuables are actually deposited in the hotel safe depository and later stolen by a third party whose identity is unknown to the hotel and who is in no way connected with the hotel."

We find no case construing these statutes since the amendment of Sec. 15 in 1943. But two of our cases prior to the 1943 Amendment deal with these statutes. In the case of Lanier v. Youngblood, 73 Ala. 587, it was said:

"The question of most importance in this case arises under the construction of sections 1549–1551 of the Code, (Sections 8316–8318, Code 1923; Sections 13–14, Title 24, Code 1940) which prescribe the manner in which hotel and inn keepers in cities may exempt themselves from liability for the loss or abstraction of 'any *money, jewelry, watches*, plate or other things made of gold or silver, or of rare and precious stones, or for other valuable articles of such description as may be contained in small compass.'—Code, 1876, § 1550. This condition is specified to be, that every such inn or hotel keeper 'must provide himself with an iron chest or other safe depository for valuable articles belonging to his guests or customers, and must *keep posted on his door*, and other public places in his house of entertainment, *written or printed notices* to his guests or customers, that they must leave their

valuables with the landlord, his agent or clerk, for safe-keeping, that he may make safe deposit of the same in the place provided for that purpose.'— Code, § 1549. It is further provided that any hotel or innkeeper, 'who shall refuse or *neglect* to comply' with these requirements, *shall not be entitled* to the exemptions and benefits of the statute, but 'shall, in all respects, be liable as provided by present law.'— Code, § 1551.

"It is not contended, or shown, that the appellant has literally complied with the requirements of the foregoing statute. It is made satisfactorily to appear that he has failed to do so, by neglecting to post the requisite written or printed notice on the door of the very room in which the plaintiff was assigned lodgings, and from which the goods and money were abstracted. The statute, being in derogation of the common law, must be strictly construed, and cannot be extended in its operation and effect by doubtful implication. It clearly must be construed to mean that the notices in question should be posted on all the doors of rooms occupied by guests, and this would include the door of the room in which the plaintiff was lodged. Its purpose is constructive notice, which conclusively imputes knowledge to the guest, when there has been an exact compliance with the requirements of the statute, but not otherwise. Beale v. Posey, supra [72 Ala. 323].

"It is urged, however, that the plaintiff had *actual* notice of the facts intended to be imparted by the written or printed notice which was omitted to be posted upon the door of his room, and that this was sufficient, and must be taken to be a substitute for the constructive or statutory notice required. This was the view taken by the Court of Appeals of New York in Purvis v. Coleman, 21 N.Y. 111. It was shown in that case that, while no notice was posted on the door of the room assigned to the plaintiff as required by the New York statute, yet that full notice in fact was given to him *at the time of his arrival* at the hotel, and of the occupancy of his room. It was held by five out of the eight judges who sat, that the actual notice proved to have been given the guest was 'far more satisfactory and ample than the constructive one required by the statute,' and that the object and purpose of the statute had been 'more than complied with.' Three of the judges, however, including Chief Justice Comstock, dissented from this construction, as adopted by a majority of the court. If we were to admit the soundness of the principle declared in that case, we are of the opinion, nevertheless, that the plaintiff has not been brought within its influence. The actual notice, which the plaintiff is shown to have had, was acquired by his having observed and read the contents of printed notices in other rooms of the defendant's hotel, at some time within the *twelve months* previous to the loss of his goods for which the present action was instituted. It may be that the knowledge thus imputed may have lapsed from his memory, or that the absence of the required notice from the door may have induced the belief, that the defendant had ceased his compliance with the statute. The posting of a printed or written notice upon the door of the guest's room may often subserve a more useful office than that of constructive or even actual notice. It may answer as a *constant reminder* of his obligation to make the requisite deposit of his money and valuables, pointing like a fingerboard, always observable, to his statutory duty. It may be an ocular warning, without intermission.

"We need not, however, express at this time our disapproval of the case of Purvis v. Coleman, supra, to which we have above adverted. It answers

every purpose to hold that the present case does not fall within its influence. The sounder reasoning, perhaps, is, that the statute prescribes the exact manner in which the common law liability may be escaped, and being in derogation of the common law rule, it must be strictly construed; and a strict construction excludes actual notice by failing to expressly provide for it. This view is adopted in Batterson v. Vogel, 8 Mo.App. 24, and seems to be sustained by the general current of decisions, at least so far as the reasoning of the adjudged cases extends. Porter v. Gilkey, 57 Mo. 235; Beale v. Posey, supra; Wilkins v. Earle (44 N.Y. 172), 4 Am.Rep. 655; Ramaley v. Leland (43 N.Y. 539), 3 Am.Rep. 728; Clute v. Wiggins, 7 Amer.Dec. 457, note."

In Johnston v. Mobile Hotel Co., Inc., 27 Ala.App. 145, 167 So. 595, certiorari denied 232 Ala. 175, 167 So. 596, also decided prior to the 1943 Amendment of Sec. 15, supra, the Court said:

"Both parties submit that the decisive question in the case is 'whether or not an innkeeper (hotel keeper) is liable at common law for a loss of money and valuables (or, of course, money or valuables) of his guest, occasioned by *robbery* within the inn, without negligence on the part of the innkeeper or his responsible agents.'

"The precise question does not seem to have been decided by the Supreme Court of our state. But—dictum or decision—if that court has given an indication of how it *would* decide the question, we consider ourselves bound to follow such indication. Code 1923, § 7318.

"We deduce from the authorities the following principles which we declare:

"1. Sections 8316 and 8317 of the Code, 'being in derogation of the common law, must be strictly construed, and cannot be extended in their operation and effect by doubtful implica-

tion'; it being kept in mind that section 8317 is the one that provides certain *exemption* from liability, upon compliance with the terms of section 8316. Lanier v. Youngblood, 73 Ala. 587.

"2. Thus construed, *actual* notice to the guest of the fact that 'money, jewelry, and valuables must be deposited in Office Safe, otherwise proprietor will not be responsible for any loss,' cannot be said to be a compliance with the terms of section 8316. Lanier v. Youngblood, supra.

"3. Nor can it be said to 'take the place' of such compliance. Ib.

"4. The negligence, vel non, of the innkeeper is not an issue in such a suit as this. 14 R.C.L. p. 514; 32 C.J. 548.

"5. At the common law an innkeeper, according to the prevailing, or majority view, was liable absolutely, as an insurer, 'for all goods of a guest lost in the inn, unless the loss happens by an act of God, or a public enemy or by the fault or negligence of the guest himself.' 32 C.J. 548, 549, where the question is fully discussed.

"6. The 'prevailing, or majority,' view set out just next above is the one that obtains in Alabama. Watkins v. Hotel Tutwiler Co., 200 Ala. 386, 76 302, L.R.A.1917F, 834."

Sec. 14 of Title 24, Code of 1940, provides that any hotel or innkeeper, who shall refuse or neglect to comply with Sec. 13 of this title shall not be entitled to the exemptions and benefits contained in the *preceding* section, but shall, in all respects, be liable as at common law.

The appellant argues that "the exemptions and benefits contained in the preceding section" has no meaning as that there are no exemptions and benefits contained in Sec. 13.

A careful reading of Sec. 14, together with an examination of the work of the Code committee, clearly indicates that "the

exemptions and benefits contained in the *preceding section*" refer to the exemptions and benefits contained in Sec. 12. As pointed out above, the position of Sections 14 and 15 were reversed by the Code committee. Our interpretation of Sec. 14, therefore, does have meaning and clearly states that the failure to comply with Sec. 13 of Title 24, Code of 1940, will result in the innkeeper being held, in all respects, liable as at common law (we interpolate as an insurer), and shall not be entitled to "the exemptions and benefits contained in the *preceding* section." (The section preceding Sec. 13, we again interpolate, Sec. 12.)

So interpreted, all of the sections set out above are meaningful and consistent with each other.

Sec. 11 provides, in plain terms, that in the absence of a special contract as is authorized by Sec. 12, the rights of guests, and the liability of the hotelkeeper, remain as at common law, i. e., remain as that of an insurer.

The purpose of Sec. 12 is to confer the liability of receiving only such guests as may enter into a special contract. But if the hotelkeeper does not enter into a special contract with the guest, limiting the hotel's liability, the common law intervenes, and from it the measure of the hotel's liability must be ascertained. Beale v. Posey, 72 Ala. 323.

Sec. 13 provides, in substance, that the hotel *must* keep an iron chest or other safe depository, and *must* keep posted up on his doors and other public places in his house of entertainment, written or printed notices to his guests or customers, that they must leave their valuables with the landlord, his agent, or clerk for safekeeping.

Sec. 14, after the adoption of the 1940 Code, simply provides that any hotelkeeper who refuses or neglects to comply with the requirements of Sec. 13, shall not be entitled to enter into the special contract pro-

vided for in Sec. 12, but shall, in all respects, be liable as at common law.

As we have shown above, subsequent to the adoption of 1940 Code, and prior to the 1943 Amendment of Sec. 15, there was nothing in Sec. 15 to limit the liability of the hotelkeeper where the guest had deposited his valuables with the hotel, and this was so although the hotelkeeper had fully complied with Sec. 13. He was still liable as at common law. The hotelkeeper's custody and control of the guest's property was, ostensibly, the hotelkeeper's protection.

It is clear, we think, that the intent of the legislature, by enacting the 1943 Amendment of Sec. 15, was to limit the liability of the hotelkeeper to $300 where the hotelkeeper has complied with Sec. 13 and the guest has utilized the facility, but gave to the hotel and guest the right to contract for a greater liability if they saw fit to do so.

We adhere to the proposition that the statutes being in derogation of the common law, must be strictly construed, and cannot be extended in their operation and effect by doubtful implication, it being kept in mind that Sec. 15 provides certain exemptions from liability upon compliance with the terms of Sec. 13.

So considered, we must hold that full compliance with Sec. 13 is a prerequisite to the protection of the limited liability of $300 provided by Sec. 15. No such compliance is shown and the appellant is liable, in effect, as an insurer. The trial court so held and there was no error.

We note in passing that Title 24, of the Code of 1940, dealing with hotel and innkeepers, was revised by Act No. 412, Acts of Alabama 1959, p. 1046, effective Jan. 1, 1960.

Affirmed.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.