132 So.2d 586

**Angelle BOACKLE, Executrix,**

v.

**Earl C. BLOOM, Jr., as Guardian ad Litem.**

6 Div. 610.

Supreme Court of Alabama.

June 29, 1961.

Rehearing Denied Sept. 14, 1961.

Ross, Ross & Ross, Bessemer, for appellant.

Gibson, Hewitt & Bailey, Birmingham, for appellee.

GOODWYN, Justice.

The question in this case is whether a child unborn when his father's will was made is entitled to take a child's part of the father's estate the same as if the father had died intestate, under the provisions of Code 1940, Tit. 61, § 10. (This section was amended by Act No. 112, approved April 14, 1956, Acts Sp.Sess. 1956, Vol. I, p. 439, by making the section also applicable to a child adopted after the making of a will. The amendment has no bearing on this case.)

Section 10, prior to the amendment, provided as follows:

"Whenever a testator has a child, born after the making of his will, either in his lifetime or after his death, and no provision is made in the will in any way for such contingency, such birth operates as a revocation of the will, so far as to allow such child to take the same share of the estate of the testator as if he had died intestate."

The testator, Louis M. Boackle, made his will on June 13, 1947. At that time his family consisted of his wife and eight children, all of whom were living with him except the oldest child, a daughter, who was married. On August 3, 1950, the testator's child here involved, Michael L. Boackle, was born. The testator died on May 23, 1954, and his will was duly probated in the probate court of Jefferson County on June 18, 1954. A guardian ad litem, who is the appellee here, was appointed to represent the minor children, of which there were six.

On petition of the wife, who had been appointed executrix, the administration proceedings were transferred to the circuit court of Jefferson County, in equity, on June 3, 1957. Prior to such transfer, the guardian ad litem filed a petition in the

probate court to have a child's part of the estate set apart to Michael L. Boackle, on the basis that he was born after the will was made and that the will made no provision for such contingency. After transfer to the circuit court, a hearing was had on said petition and testimony taken orally before the trial court. This testimony relates principally to the status of testator's family at the time he executed his will and at the time of his death.

The trial court rendered a decree holding that the will "makes no provision for the contingency of the birth of the minor child, Michael L. Boackle" and that "the birth of said child subsequent to the execution of the will" operated as a revocation of said will as to said minor child. The executrix was ordered to set aside said minor child's share in the estate of his father as if the father had died intestate. The executrix brings this appeal from that decree.

The report of the case will include a copy of the will.

It is to be noted that the will makes no mention of any child. It appears to be appellant's position that failure to provide for any of the eight children living at the time the will was executed shows a clear intention on the part of the testator that any after-born child likewise was to be excluded. Also, that the last sentence of the will, providing that the widow should enjoy the full fruits and benefits of the estate immediately upon the testator's death "free from the claims of any courts or any persons whatsoever", shows that the testator thereby was providing for any contingency which might have the effect of denying to the widow the full enjoyment of the estate, including the contingency of after-born children.

Appellee's position, of course, is that no provision is made in the will in any way for the contingency of having an after-born child and, therefore, § 10, Tit. 61, operates as a "revocation of the will, so far as to allow any such child to take the same share of the estate of the testator as if he had died intestate." It is further argued that the language of the will is clear and unambiguous, leaving no field for its construction and, therefore, the intent of the testator must be ascertained from the instrument alone. In this connection, the argument is that it would be pure speculation to attempt to say what the testator likely or probably had in mind relative to the disposition of his estate in event he had children born after making his will.

Appellant relies on the following cases, viz.: Thomas v. Reynolds, 234 Ala. 212, 174 So. 753; Ensley v. Hodgson, 212 Ala. 526, 103 So. 465; Shackelford v. Washburn, 180 Ala. 168, 60 So. 318, 43 L.R.A., N.S., 1195.

In Thomas v. Reynolds, supra [234 Ala. 212, 174 So. 754], the testator, at the time he executed his will on October 24, 1935, had two children living and another child was born on January 3, 1936, less than three months later. The widow was the sole beneficiary under the will. Contained in the will was the following clause:

"I have made no provision for my children for the reason that I have confidence in my wife and I feel that she will deal justly with them and provide suitably for them."

The trial court held that by including the foregoing provision in his will the testator "had in mind and intended to exclude from the provisions of the will the unborn child, as well as the two children then living at the time of the making of said will." In upholding the decree this court said:

"Here the testator intentionally omitted his children in life with a full knowledge of the condition of the wife and the child thereafter born to his marriage."

In Ensley v. Hodgson, supra [212 Ala. 526, 103 So. 466], the testator, at the time he executed his will on July 7, 1890, had two children by a former marriage and

expected a child to be born of his second wife, the child being born about eight months later. After testator's death another child was born to his wife. The question presented was whether this last named child inherited an interest in the testator's property as though he had died intestate. The will provided for a division of the testator's property between his wife and his two children by his first marriage as follows:

> "'Should my wife give birth to a child in the next eight months and the child should live I will and devise to her (she to provide for the said child) my residence with all furniture'—describing the same—'and after that one-third of all my other property of every kind. * * * The remainder of my property I give to my son Martin and daughter equally or say one-third of the whole each. * * * This land'—referring to the land in Jefferson county—'I don't want sold but want it divided equal in value (in three parts) to my wife, son and daughter, my son's and daughter's part to go to them during their life and then to the heirs of their body, my wife's part to go to her during her life and should she have no child by me I want my two children or their children to take her part. * * *'"

The trial court held that the will provided for the contingency of the expected child and that testator's disposition of his estate was not to be opened for the benefit of such child, "but that no provision had been made for the contingency of other children." In approving the trial court's holding, this court said:

> "* * * Testator made no provision for the contingency of the birth of a posthumous daughter. * * *

> "The reliance for appellants is based upon that language of the will which we have quoted above as expressing the testator's purpose to remit all future-born children to the bounty of his

widow to whom he left the family residence and one-third of the remainder of his estate, thus deliberately and expressly, as the argument runs, disposing of his entire estate to the exclusion of possible future children, citing Shackelford v. Washburn, 180 Ala. 168, 60 So. 318, 43 L.R.A. (N.S.) 1195. That this contention is well grounded as to the after-born son we do not doubt; but that it holds in the case of the posthumous daughter we cannot agree, for to the son it is clear that testator referred when he provided for 'my wife's child (if she has any by me)' and made further provision 'should she have no child by me,' but we are unable in this language to find deliberate and express provision for the contingency of posthumous or after-born children, except the child with which his wife was then pregnant, or that all such children should be excluded from sharing in his estate except as testator's widow might provide for them out of her share under the will. The mention of 'my wife's child' is sufficient in the circumstances to limit testator's provision to him. The other provision contemplates the case of 'no child,' and can hardly be construed as a provision for or against posthumous or after-born children."

In Shackelford v. Washburn, supra, a young married woman without children executed her will giving to her husband all of her property "notwithstanding I may have a child or children living at my death, to be disposed of by him as he may desire", and appointing him "sole executor." It was held that the will was not revoked as to the subsequently born children, the court observing:

> "* * * The intention of this testatrix is perfectly clear. She wished her husband to have her estate, unshared even by her children, except as he might afterwards bestow it. Her language expressed her purpose. * * *"

It seems obvious that the holdings in these three cases are based on wills showing on their faces that the several testators intended to provide for the contingency of after-born children, while in the case before us the will contains no mention of children whatsoever. In this connection it is to be noted that Michael was not born until about three years after the will was executed. We do not think it can be said that the will in any way indicates a contemplation on the part of the testator that there might be an after-born child.

It seems to us that the statute, by its express terms, makes its application turn upon the provisions of the will. Here, there is nothing in the will indicating that the testator contemplated having an after-born child; nor do we think the circumstances furnish sufficient basis for saying that the testator contemplated having an after-born child. In other words, "no provision is made in the will in any way for such contingency."

Appellee relies on the three cases discussed above and also on the following: Toomer v. Van Antwerp Realty Corporation, 238 Ala. 87, 189 So. 549, 123 A.L.R 1063; Woodliff v. Dunlap, 187 Ala. 255, 65 So. 936, 937. These two cases lend additional support to the holding of the trial court, in which we concur.

In Woodliff v. Dunlap, supra, the testator left all of his property to his wife and appointed her as executrix, exempting her from making bond, authorizing her to "wind up any and all business with or in which my estate may be interested" and to "sell any or all * * * the property as she may deem best without any order of court, and without having to account therefor." After the making of the will there were two children born to the testator and his wife. It was held that the subsequent birth of the children did not revoke the widow's power to sell as executrix, but did impose on her the duty to account to the children for their interest in the proceeds of the property sold. In other words, the

power of the executrix to sell was not revoked but the will was revoked to the extent that the after-born children could take as though the father had died intestate. In so holding, the court had this to say:

"* * * The only reason which could have actuated the Legislature in enacting the statute was the protection of those not in existence when a will is made, but who, upon coming into existence, are the natural objects of the testator's *equal* bounty, and who, the Legislature, in the absence of a declaration in the will to the contrary or of a republication of the will after the happening of the event, had a right to presume, would have been, by a codicil or by an entirely new will, provided for by the testator, but for the peculiar opinion which seems to attend nearly all human beings, viz.: That there is always, in the *future, ample* time within which to make or to alter a will."

In 57 Am.Jur., Wills, § 585, p. 403, is the following statement:

"In a few cases, a will disposing of the testator's entire estate, without mention of or provision for his children then living has been held in effect to provide for the contingency of the birth of children after the making of the will, upon the theory that the will was intended to exclude as a class all of the testator's children living at the time of his death."

See, also, the following Annotations: 127 A.L.R. 750, 762; 170 A.L.R. 1317, 1342.

In view of what has been said by this court in dealing with what is now § 10, Tit. 61, Code 1940, supra, we are not inclined to follow the cases from other jurisdictions supportive of the foregoing statement. In this connection, it is to be noted that the statutes being dealt with in most of these cases vary from state to state and are different from the Alabama statute.

The decree appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.