246 So.2d 435

Sue **FOSTER**

v.

Thomas **MARTIN.**

8 Div. 387.

Supreme Court of Alabama.

March 25, 1971.

Clark E. Johnson, Jr., Albertville, for appellant.

Edward N. Scruggs, Jr., and John W. Starnes, Guntersville, for appellee.

 

**710**

HARWOOD, Justice.

Brit Birdwell died on 10 October 1967. John Brookshire was appointed administrator of his estate on 16 February 1968. Later Thomas Martin, the appellee here, offered a document purporting to be the last will and testament of Birdwell for probate in the Probate Court of Marshall County.

On 12 March 1968, this document was admitted to probate, Martin being named as executor of the will. On this same day the administration of Birdwell's estate was removed to the Circuit Court of Marshall County, in Equity. Brookshire was later discharged as administrator.

After removal of the administration to the Circuit Court, in Equity, the appellant here filed a petition setting forth that she was the heir at law of Brit Birdwell by virtue of her legitimation upon the marriage of her mother and Birdwell, her reputed father, and recognition of her by Birdwell as his child.

Appellant prayed that she be declared the lawful heir of Birdwell, and further prayed that the court decree that Thomas Martin was not entitled to any part of the estate of Brit Birdwell as a beneficiary under the purported will of Birdwell because of the invalidity of such instrument.

No question is raised in this review as to any pleading or procedural steps in the proceedings below.

At the hearing below the undisputed evidence shows that the appellant was born out of wedlock in 1935. Birdwell was her reputed father.

On 6 September 1955, Birdwell executed the will now in question. Paragraph 2 of the will is as follows:

"I Will and bequeath to THOMAS MARTIN, all my personal property and Real property of which I may die seized and posessed (sic) of or to which I may be entitled to at the time of my decease. Under the following conditions that he the said THOMAS MARTIN shall help and give me comfort and look after me during my declaiing (sic) years of life. If the above is carried out then this Will is in full force and effect. Otherwise if not carried out as stipulated above this Will shall be Null and VOID."

In August 1958, the appellant's mother and Birdwell were married, and the appellant was recognized by Birdwell as his child. However, this marriage was terminated by divorce in January 1966.

■ We note here that the effect of the marriage between Birdwell and appellant's mother, and the recognition of the appellant by Birdwell as his child, was to render the appellant legitimate. Section 10, Title 27, Code of Alabama 1940.

After an extended hearing, the Chancellor adjudged and decreed:

1. That the appellant was the lawful heir of Brit Birdwell.

2. That the instrument dated 6 September 1955, was, and is, the legal and

valid last will and testament of Brit Birdwell.

3. That the will was operative and was not revoked as to the devise to Thomas Martin in that Martin had complied with the conditions imposed on him under paragraph 2 of the will.

Appellant has made 15 assignments of error. These assignments are properly placed in three groups in brief, and raise three points.

First, counsel for appellant contends that the court erred as a matter of law in not decreeing that the legitimation of appellant by the marriage of Birdwell and appellant's mother in 1958, and Birdwell's recognition of her as his child, resulted in making her a pretermitted heir of her father despite the execution of the purported will by Birdwell in 1955. In other words, appellant contends that her legitimation after execution of Birdwell's will, places her in the same status as a child born or adopted after the making of a will by the parent.

Such contention, of course, depends upon an interpretation of our commonly called "pretermitted heir" statute, Section 10, Title 61, Code of Alabama 1940, which reads:

"Whenever a testator has a child, born after the making of his will, either in his lifetime or after his death, and no provision is made in the will in any way for such contingency, such birth operates as a revocation of the will, so far as to allow such child to take the same share of the estate of the testator as if he had died intestate."

This codal provision originated in the 1806 Acts of the Mississippi Territory, and has been carried forward unchanged in substance in every succeeding Code of Alabama, except that in 1956 the section was amended to include children adopted post will as well as natural born children.

As stated by De Graffenried, J., in Woodliff v. Dunlap, 187 Ala. 255, 65 So. 936:

"At common law the subsequent marriage and the birth of issue of a testator operated as an unqualified *revocation* of his will in toto. The birth of issue *alone* had no effect upon the will, and such issue was cut out of participating in any property devised by such will. At common law, however, it was well settled that if *provision* was made in the will for a *future wife* and *child* or *children*, in the event of a subsequent marriage and birth of issue, then such will was *not* impliedly revoked by a subsequent marriage and birth of issue.

\*   \*   \*   \*   \*   \*

"The true reason at common law for the implied revocation of a will where there was a subsequent marriage and birth of issue of the testator *not provided for by the testator* was that the testator executed the will with 'a tacit condition annexed to the will when made that it should not take effect if there should be a total change in the situation of the testator's family.' Doe v. Lancashire, 5 Term.Rep. 58."

Counsel for appellant refers to the pretermission statute as being a remedial statute, and contends that by amending the statute the legislature "has demonstrated that it is the public policy of this State to treat liberally children who are born, adopted *or legitimated* after a will has been made." (Emphasis ours.)

We think counsel's certitude as to·the legislative intent is unfounded. We can deduce no such manifest legislative intent resulting merely from the amendment of the statute. In fact by resorting to the rule of construction, that the expression of one thing in a statute is the exclusion of another, one is led to the conclusion that having included only natural born children and adopted children, it was the intent of the legislature not to place legitimated children in the same category as natural born and adopted children. Hall v. Blan, 227 Ala. 64, 148 So. 601; City of Birmingham v. Brown, 241 Ala. 203, 2

So.2d 305; ·Champion v. McLean, 266 Ala. 103, 95 So.2d 82.

Further, the pretermission statute is one of substance rather than remedial. It creates and confers upon natural born and adopted children a right to property which would not be theirs without the statute. It is in derogation of the common law, and must therefore be strictly construed, and it ·will not be extended further than is required by the letter of the statute. Pappas v. City of Eufaula, 282 Ala. 242, 210 So.2d 802; Mobile Battle House, Inc. v. Wolf, 271 Ala. 632, 126 So.2d 486.

The lower court correctly held that the appellant, .although an heir at law of Brit Birdwell by virtue of her subsequent legitimation, .was not within the influence of our pretermission statute as to revoke Birdwell's will to the extent that she could take a share of Birdwell's estate as though he had died intestate.

The appellant having become an heir at law of Birdwell by legitimation would, of course, be entitled to inherit her share of his estate provided Birdwell had not otherwise disposed of his estate by a valid will.

Birdwell did execute a document purporting to be his last will and testament. Therein he devised all his property to the appellee Martin.

It is appellant's contention that such document is invalid as a will because Birdwell was incompetent through drink at the time the will was executed.

Appellant further contends that the provision devising all of Birdwell's property to Martin was rendered void because of Martin's failure to fulfill the conditions upon which the devise was made, i. e., to help, give comfort, and look out after Birdwell during his declining years.

Each of these two contentions involve essentially questions of fact, and the sufficiency of the evidence to support the court's conclusions reached upon consideration of the facts and evidence. The transcript of the evidence runs over 300 pages. A number of witnesses were presented by each side.

Counsel for appellant has not set out in brief in the statement of facts a condensed recital of the evidence given by each witness in narrative form. Such is required if the sufficiency of the evidence to sustain a verdict or finding, in fact or law, is assigned as error. Supreme Court Rule 9. In fact little or no evidence presented by the appellee was set forth in appellant counsel's statement of the facts. On the other hand, counsel for appellee, after suggesting that consideration of these last two points should be pretermitted on this review because of the above mentioned defect in appellant's brief, does go forward and set out evidence presented in the hearing below which tends to support the Chancellor's conclusions and decree.

Under these circumstances we pretermit consideration of the two points above mentioned.

Affirmed.

HEFLIN, C. J., and LAWSON, MERRILL, and MADDOX, JJ., concur.