248 So.2d 707

Annie Mae **FOSTER**, as Executrix of the Estate of Andrew Shepard, deceased,

v.

Jewell Lee **ANDERSON**, as Guardian of Andretta Marie Shepard, a Minor, and Jewell Lee Anderson, as Guardian of Andrew Shepard, a Minor.

6 Div. 821.

Supreme Court of Alabama.

May 27, 1971.

George V. Eyraud, Jr., Birmingham, for appellant.

John D. Prince, Jr., Birmingham, for appellee Jewell Lee Anderson.

BLOODWORTH, Justice.

The executrix of the estate of Andrew Shepard, deceased, appeals from a decision of the circuit court of Jefferson County, in equity, allowing the two minor legitimated

children of the deceased to share in the estate as pretermitted heirs.

The sole question presented as to us is whether children, legitimated by a testator subsequent to the execution of his will and for whom no provision is made in the will, share in the estate as pretermitted heirs under Title 61, § 10, Code of Alabama 1940.

This precise question was answered negatively by our court in a recent decision authored by Mr. Justice Harwood, Foster v. Martin, March 25, 1971, 286 Ala. 709, 246 So.2d 435 (rendered subsequent to the decree in this case).

The facts here are that the testator executed his will on September 27, 1955, leaving all of his property to his mother, Lula Bay Barnes, and to his sister, Annie Mae Foster. There was no provision for after-born children. The two illegitimate children were born on March 27, 1962, and November 29, 1963, respectively, and were both legitimated on July 11, 1968 by a Declaration of Legitimation filed by the testator in the Probate Court of Jefferson County. The testator died on March 2, 1970.

The only distinction between this case and Foster v. Martin, supra, is that in Foster v. Martin the illegitimate child was born prior to the execution of the will. Also, the child in Foster v. Martin was legitimated in the manner specified in Title 27, § 10, Code of Alabama 1940, by marriage between the mother and the reputed father and recognition of the child by the father. We do not consider these distinctions to be material and are convinced that the principles enunciated in Foster v. Martin govern the case before us.

In discussing the import of the pretermitted heir statute, Title 61, § 10, supra, Justice Harwood observed in Foster v. Martin:

"* * * one is led to the conclusion that having included only *natural born children and adopted children,* it was the

intent of the legislature not to place legitimated children in the same category as natural born and adopted children. * * *" [Emphasis supplied]

It follows then that children legitimated by a testator subsequent to the execution of his will are not pretermitted heirs within the context of Title 61, § 10, supra. The trial court erred in holding to the contrary.

Reversed and remanded.

HEFLIN, C. J., and SIMPSON, COLEMAN and McCALL, JJ., concur.