After receiving reports from peer-review committees, the board of trustees of Gadsden Regional Medical Center ("the Hospital") restricted the privileges of Dr. Danny R. Sparks to perform certain surgical procedures at the Hospital. Seeking restoration of his privileges, Dr. Sparks sued the Hospital in the Etowah Circuit Court. Attached to his complaint were documents generated during the peer-review process.
The Hospital filed a motion asking the trial court to strike Sparks's complaint, to place the complaint and the attached peer-review documents under seal, and to require Sparks "to re-plead his claims without disclosing privileged and confidential peer review information." On February 4, 2004, the trial court denied the motion. On March 17, 2004, the Hospital filed this petition for a writ of mandamus ordering the trial court to place the peer-review documents under seal.
According to the Hospital, "[t]he question presented by this petition is a narrow one: Can an aggrieved physician take documents generated during a hospital's confidential peer review process and attach them to his complaint?" Hospital's reply brief, at 1 (emphasis added). Similarly, the Hospital states that "[a]t this point, all the Hospital is asking is that [Dr. Sparks] not be permitted to short-circuit the confidentiality issue by attaching the peer review records to his complaint." Hospital's reply brief, at 9 (emphasis added). Therefore, this Court will limit its review to a single issue, namely, whether the Hospital is entitled to a writ of mandamus directing the trial court to place the peer-review documents attached to Dr. Sparks's complaint under seal.
"Mandamus is an extraordinary remedy and will be granted only where there is `(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.'" Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810,813 (Ala. 2003) (quoting Ex parte Alfab, Inc., 586 So.2d 889,891 (Ala. 1991)). This Court has recognized that review by appeal is inadequate when it is alleged that the trial court has improperly disregarded a claim of privilege or confidentiality. See Ocwen, 872 So.2d at 813.
Two statutes specifically provide for the confidentiality of peer-review records. Ala. Code 1975, § 6-5-333(d), provides, in pertinent part:
 "All information, interviews, reports, statements, or memoranda furnished to any [peer-review committee], and any findings, conclusions, or recommendations resulting from the proceedings of such committee are declared to be privileged. The records and proceedings of any such committees shall be confidential and shall be used by such committee and the members thereof only in the exercise of the proper functions of the committee and shall not be public records. . . ."
(Emphasis added.) Similarly, Ala. Code 1975, § 22-21-8, provides, in pertinent part:
 "(a) Accreditation, quality assurance and similar materials as used in this section shall include written reports, records, correspondence, and materials concerning the accreditation or quality assurance or similar function of any hospital, clinic, or medical staff. . . .
 "(b) All accreditation, quality assurance credentialling and similar materials shall be held in confidence. . . ." *Page 236 
(Emphasis added.) The Hospital argues that Dr. Sparks should not be permitted to attach to his complaint peer-review materials that the Legislature has deemed to be "confidential." We agree.
"It is this Court's responsibility to give effect to the legislative intent whenever that intent is manifested." BeanDredging, L.L.C. v. Alabama Dep't of Revenue, 855 So.2d 513, 517
(Ala. 2003). "[W]hen a term is not defined in a statute, the commonly accepted definition of the term should be applied."855 So.2d at 517. Also, "we must give the words in a statute their plain, ordinary, and commonly understood meaning, and where plain language is used we must interpret it to mean exactly what it says." 855 So.2d at 517.
A "confidence" is "[a] communication made in trust and not intended for public disclosure." Black's Law Dictionary 317 (8th ed. 2004). "Confidential" information is "meant to be kept secret." Id. at 318. "Confidentiality" is "[s]ecrecy; the state of having the dissemination of certain information restricted."Id.
"[G]iv[ing] the words in [the] statute[s] their plain, ordinary, and commonly understood meaning[s]," we must conclude that Dr. Sparks violated the legislatively mandated confidentiality of the peer-review records by attaching them to his complaint. Therefore, we grant the Hospital's petition for a writ of mandamus and direct the trial court to place the peer-review records under seal.
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and HOUSTON, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
SEE, J., recuses himself.